UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-1578-JGB (KKx)** | Date: | January 6, 2021 |
|---|---|---|---|
| Title: | *Russell Regalado v. Riverside County, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order Denying Plaintiff's Request for Early Discovery or in the Alternative for a <u>Valentin</u> Order, and to Empower Plaintiff's Subpoena [Dkt. 20]**

On December 17, 2020, Plaintiff Russell Regalado ("Plaintiff") filed a "Request for Early Discovery or in the Alternative for a <u>Valentin</u> Order, and to Empower Plaintiff's Subpoena" ("Request") to ascertain the identities of DOE defendants 1 through 10 (the "DOE defendants"). ECF Docket Nos. ("Dkts.") 20; 20-1, JS.  Plaintiff and defendants Riverside County and Christopher Wheeler (collectively, "Defendants") filed a Joint Stipulation pursuant to Local Civil Rule 37-2.  Dkt. 20-1, JS.  On December 23, 2020, the parties filed supplemental briefs.  Dkts. 21, 22.  For the reasons stated below, the Court DENIES Plaintiff's Request.

## I.
## BACKGROUND

On August 7, 2020, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging excessive force and retaliation claims against Defendants and the DOE defendants. Dkt. 1.

On or about September 28, 2020, Plaintiff's counsel emailed Defendants' counsel regarding a Rule 26 conference.  Dkt. 20-2, Declaration of Peter B. Schlueter in Support of Request ("Schlueter Decl."), ¶ 9, Ex. 4.  Defendants' counsel did not respond to Plaintiff's counsel's email. <u>Id.</u>

On October 19, 2020, Plaintiff's counsel sent Defendants' counsel a letter requesting a telephonic meeting to discuss Plaintiff's need for early discovery to identify the DOE defendants. Schlueter Decl., ¶ 10, Ex. 5.

On October 23, 2020, Plaintiff's and Defendants' counsel met and conferred telephonically regarding conducting early discovery to identify the DOE defendants. Id., ¶ 11; dkt. 20-3, Declaration of Allen Christiansen in Opposition to Request ("Christiansen Decl."), ¶ 2. In an October 28, 2020 letter memorializing the meet and confer, Plaintiff's counsel stated Plaintiff "seeks only discovery designed to obtain, and verify, participants in the actions that led to [Plaintiff's] injuries." Schlueter Decl., ¶ 11, Ex. 6. Plaintiff's counsel suggested Defendants' counsel "provide reports (and, probably recordings and videos to verify the reports) that identified the state actors." Id.

On November 4, 2020, Plaintiff filed a First Amended Complaint pursuant to Section 1983 alleging excessive force and retaliation claims against Defendants and the DOE defendants. Dkt. 13.

On December 2, 2020 Plaintiff filed a "Motion to Extend Time for Service of Process and for Early Discovery or in the Alternative for a Valentin Order." Dkt. 17. On December 4, 2020, the Court struck the motion for failure to comply with the Local Civil Rules and because it improperly combined a discovery matter and a request for extension of time to serve the DOE defendants, which the Magistrate Judge lacked authority to grant. Dkt. 19.

On December 8, 2020, Defendants' counsel emailed Plaintiff's counsel the names of the persons involved in the use of force incident. Christiansen Decl., ¶ 24, Ex. L. On December 9, 2020, Defendants' counsel emailed Plaintiff's counsel a description, including height, weight, hair color, and ethnicity, of each person previously identified as involved in the use of force incident. Id., ¶ 27, Ex. O.

On December 10, 2020, Plaintiff's counsel responded to Defendants' counsel's December 8 and 9, 2020 emails. Dkt. 22-1, Supplemental Declaration of Peter Schlueter in Support of Request ("Schlueter Suppl. Decl."), ¶ 6, Ex. 2. Plaintiff's counsel claimed the information provided by Defendants' counsel was "devoid of necessary context" because "[i]t is unknown which of the individuals [Defendants] identified committed which acts (and, therefore, which individual is which DOE defendant)." Id.

On December 14, 2020, Defendants' counsel emailed Plaintiff's counsel the name and physical description of an additional individual involved in the use of force incident. Christiansen Decl., ¶ 29.

On December 17, 2020, Plaintiff filed the instant Request with a Joint Stipulation pursuant to Local Civil Rule 37-2. Dkts. 20; 20-1, JS. Plaintiff seeks leave to serve Defendants with the following discovery requests: 1) "Request for Documents Set One (1)," which seeks writings and records identifying the DOE defendants, Schlueter Decl., ¶ 13, Exs. 1-1, 2-1; 2) "Special Interrogatories Set One (1)," seeking the DOE defendants' full names, addresses where they can be served, titles, badge numbers, and physical attributes, id., Exs. 1-2, 2-2; and 3) "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action", id., Ex. 3. Defendants argue early discovery is unnecessary and the "issue is now moot"

because Defendants have already provided Plaintiff the names and descriptions of the persons involved in the alleged incident.  Dkt. 20-1, JS, at 7, 15.  Defendants also argue Plaintiff's counsel's actions "constitute an abuse of the discovery process" and request sanctions in the amount of $3,465.00 jointly against Plaintiff and his attorney.  Id. at 7; Christiansen Decl., ¶ 34.  On December 23, 2020, the parties submitted supplemental briefs.  Dkts. 21, 22.

The matter thus stands submitted.

## II.
## DISCUSSION

### A.     APPLICABLE LAW

Generally, discovery is not permitted prior to the parties' Rule 26(f) conference.  FED. R. CIV. P. 26(d)(1).  A plaintiff, however, can be given an opportunity through early discovery to "identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  District courts apply a multi-factor test in deciding whether to permit early discovery to identify Doe defendants.  Strike 3 Holdings, LLC v. Doe, No. 18-cv-47-WQH (RBB), 2018 WL 1427002, at *2 (S.D. Cal. Mar. 22, 2018) (citing Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).  This test considers whether plaintiff: 1) identifies the Doe defendant with sufficient specificity that the court can determine the defendant is a real person who can be sued in federal court; 2) recounts the steps taken to locate and identify the defendant; 3) demonstrates the action can withstand a motion to dismiss; and 4) proves the discovery is likely to lead to identifying information that will permit service of process.  Id.; Malibu Media, LLC v. Does, No. SACV 12-0651 DOC (JPRx), 2012 WL 13019945, at *1 (C.D. Cal. May 10, 2012) (citing MCGIP, LLC v. Does 1-149, No. C 11-02331 LB, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011)).

### B.     ANALYSIS

As an initial matter, the Court notes the parties have not conducted their Rule 26(f) conference.  See Schlueter Decl., ¶ 9, Ex. 4.  Hence, Plaintiff's Request for early discovery should be limited to identifying the DOE defendants.  See Gillespie, 629 F.2d at 642.

Here, as Plaintiff concedes in his supplemental brief, Defendants have already provided the last names, badge numbers, and additional descriptive information, including height, weight, hair color, and ethnicity of the individuals involved in the alleged event.  Dkt. 22 at 2.  The Court finds this information is more than sufficient to identify the DOE defendants as real persons who can be sued in federal court, withstand a motion to dismiss, and permit service of process.  See Strike 3 Holdings, LLC, 2018 WL 1427002, at *2.  To the extent Plaintiff argues this information is insufficient to clarify the individual DOE defendant's specific involvement in the use of force incident, Plaintiff may seek additional discovery at the appropriate time.  The Court, however, declines to issue an order permitting further early discovery at this time.

In addition, the Court notes Plaintiff appears to seek to use his Request as an improper vehicle for broader discovery. Among other things, in purporting to seek the identities of the DOE defendants, Plaintiff seeks additional information, including the records documenting the use of force incident and the identities of personnel and jail staff that may not have been involved in the use of force incident. See dkt. 20-1 at 11; Schlueter Decl., ¶ 13, Exs. 1-1, 1-2, 2-1, 2-2. Such discovery goes well beyond the information necessary to identify the DOE defendants.

## III.
## CONCLUSION

**IT IS THEREFORE ORDERED** Plaintiff's Request is DENIED. In addition, while the Court declines to order early discovery, it does not appear Plaintiff's Request was unreasonable or made in bad faith. Accordingly, Defendants' request for monetary sanctions is DENIED.